**No. 55879.**—Arthur I. Darman Company, Inc. *v.* United States, protest 130819–K (Providence).

MOLLISON, Judge: There are two classes of merchandise covered by this protest, the first being described on the invoice as "31 Bales Grey Rabbit Hair" and the second as "5 bales Blown white rabbit hair." Both classes were assessed with duty at the rate of 27½ percent ad valorem under the provision in paragraph 1520 of the Tariff Act of 1930, as modified by the Belgian Trade Agreement, T. D. 47600, for "Hatters' furs, or furs not on the skin, prepared for hatters' use, including fur skins carroted." Although various claims were made in the protest and by timely amendment thereto, the claims relied on are those for free entry under paragraph 1681 of the Tariff Act of 1930, or for duty at the rate of 25 percent ad valorem under paragraph 1519 (a) of the Tariff Act of 1930.

The protest has been submitted for decision upon the following stipulation:

It is hereby stipulated and agreed by and between the plaintiff and the Assistant Attorney General for the United States that the items marked A and checked JTR (Examiner's Initials) by Examiner John T. Regan (Examiner's Name) on the invoice covered by the protest enumerated above, assessed with duty at 27½ per centum ad valorem under provisions of paragraph 1520 of the Tariff Act of 1930, as modified by the trade agreement with Belgium, T. D. 47600, consist of rabbit fur similar in all material respects to those the subject of *W. Fein & Sons* v. *United States*, Abstract No. 53024, wherein the court held that said fur was free of duty under the provisions of paragraph 1681 as furs and fur skins, not specially provided for.

It is further stipulated and agreed that the record in Abstract 53024 be incorporated in the record in this case, and that the protest be submitted on this stipulation, the protest being limited to the items marked A as aforesaid.

It is further stipulated and agreed that the five (5) bales marked (b) and checked JTR (Examiner's Initials) by Examiner John T. Regan (Examiner's Name) on the invoice consist of rabbit hair, blown white, similar to the merchandise described and referred to in C. I. E. circular No. 389/47 and which would now be dutiable as blown rabbit fur under paragraph 1519 (a) of the Tariff Act.

\*    \*    \*    \*    \*    \*    \*

Insofar as the first two paragraphs of the foregoing stipulation recite facts, it is accepted as establishing the facts therein recited, and upon the entire record consisting of such facts and the record in the incorporated case, and following our decision in the cited case, the claim made by amendment of the protest for free entry under paragraph 1681 of the Tariff Act of 1930 is sustained only as to the items marked A and checked JTR by Examiner John T. Regan on the invoice. This disposes of the items described on the invoice as "31 Bales Grey Rabbit Hair."

Insofar as the remaining items covered by the invoice are concerned, viz, the items marked (b) and checked JTR by Examiner John T. Regan, and which are described on the invoice as "5 bales Blown white rabbit hair," we find that the record is insufficient to support a judgment in favor of the plaintiff's claim made by amendment of the protest for duty at the rate of 25 percent ad valorem under paragraph 1519 (a).

The description of the merchandise in the stipulation as "rabbit hair, blown white, similar to the merchandise described and referred to in C. I. E. circular No. 389/47" does not, in itself, establish or tend to establish that the classification of the merchandise under the hatters' fur provisions of the tariff act was erroneous. The further statement that it "would now be dutiable as blown rabbit fur under paragraph 1519 (a) of the Tariff Act" does not amount to a confession of error in classification or a concession of the correctness of the plaintiff's claim, particularly in view of the fact that paragraph 1519 (a) does not provide *eo nomine* for "blown rabbit fur."

Judgment will therefore issue sustaining the protest claims only to the extent indicated. In all other respects and as to all other merchandise the protest is overruled.